## Benjamin J. Poor *v.* Samuel Darrah.

In an action of replevin for a mule and a cow, in which the mule but not the cow was replevied and delivered to the plaintiff, who suffered a judgment of *non pros.* by failing to file a declaration in it, on which the defendant took an assignment of the replevin bond, and sued him and recovered judgment upon it, the record of neither action is evidence to support a plea of former recovery in a subsequent action of replevin by the plaintiff against the defendant for the cow only.

Action of replevin with a plea of former recovery in another action of replevin in this court between the same parties for the same cause of action, by judgment of *non pros.*, and a suit by the defendant in it against the plaintiff on the replevin bond. It appeared that the goods had been replevied and delivered to the plaintiff in a former action. The proof was that the present action was brought to recover a cow bought by the plaintiff, at a constable's sale on an execution issued by a justice of the peace at the suit of William Campbell against the defendant, for thirty-seven dollars and thirty-six cents, and delivered by the constable to the plaintiff.

*Day,* for the defendant, objected to the admissibility of the execution in evidence, because there was no inventory and appraisement accompanying it signed by the constable, but his name was written in the body of it in his own handwriting. It was also in fact an *alias* execution, but it did not so appear on the face of it or in any other part of it; and, furthermore, because it was issued more than three years after the recovery of the judgment without being kept alive by execution or revived by *scire facias.*

*The Court:* The action is by a purchaser to recover goods bought by him at a constable's sale, and all these were but collateral matters which could not now be inquired into on the trial of it, for if such inquiries were allowable in such a case it would have the effect to prevent bidding at such sales. The objections were overruled.

*Day:* In the former action of replevin, which was for a mule as well as the cow now in question in this action, the mule, but not the cow, was replevied and delivered to the plaintiff, who suffered a nonsuit in it for failing to file a declaration, on which the defendant took an assignment of the replevin bond and sued the plaintiff upon it, and recovered judgment against him; and after the judgment of *non pros.* had been entered against him in the first action, the plaintiff instituted this his second action of replevin against the defendant, not for the mule, but for the cow only, which he proved on the trial of this case had been wrongfully taken from his possession by the defendant after she had been delivered to him by the constable under his sale. The cow was replevied and delivered to him in the second action.

*The Court* ruled out the record of the former action of replevin and judgment of *non pvos.* in it against the plaintiff and also of the action on the replevin bond, as inadmissible and insufficient to prove a former recovery by the defendant of the property which was now the cause of action in this suit. The case afterward went to the jury and the plaintiff had a verdict.

*Fulton,* for plaintiff.

*Day,* for defendant.